CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
NOV 24 2009
JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Criminal No. 5:08cr00027 |
| | ) | |
| | ) | **MEMORANDUM OPINION** |
| v. | ) | **& ORDER** |
| | ) | |
| ANTOINE TAHAN | ) | By: Samuel G. Wilson |
| Defendant | ) | United States District Judge |

The United States has charged the defendant, Antoine Tahan, in a two count indictment with, after having been convicted of a felony, knowingly possessing a firearm, a .22 caliber semi-automatic rifle, in and affecting interstate commerce and with knowingly possessing .22 caliber ammunition in violation of 18 U.S.C. § 922(g)(1). Tahan pled guilty to knowingly possessing the firearm, and the government agreed to dismiss the count involving the ammunition. Tahan has moved to withdraw his guilty plea, and the Government has objected. The court exercises its discretion, and permits Tahan to withdraw his plea.

I.

While Tahan was on federal probation, he left several "BB guns" out in the open at his home, and when questioned by his probation officer, he presented the .22 caliber rifle as well. His federal probation officer removed the .22 caliber rifle, ammunition, and the BB guns from Tahan's home. The United States subsequently charged Tahan with possession of the rifle in one count and with possession of the ammunition in the second count. Although Tahan pled guilty to knowingly possessing the .22 caliber rifle, at sentencing he explained that he had purchased the rifle, the ammunition, and the BB guns at a flea market approximately five years earlier. He stated that he knew he was not supposed to possess a firearm, had disposed of his handguns, and thought the remaining ones, which all looked quite similar, were all BB guns. The court

expressed its concern as to the validity or voluntariness of Tahan's plea on the ground that, to violate the statute, he must have knowingly possessed a firearm, and accordingly the court did not sentence him. As the court viewed it, Tahan must have known of the weapon's characteristics that made it a firearm under the statute:[1] that is, he must have known that it was capable of expelling a projectile through the action of an explosive per 18 U.S.C. § 921(a)(3). His mistaken belief that it was simply a BB gun that expels a projectile through the action of compressed air would not have been sufficient.[2] After further inquiry and consultation with his counsel, Tahan indicated that he wished to withdraw his plea.

## II.

The court does not view Tahan's decision to withdraw his plea to be contrived. Rather, it was prompted by the court after hearing Tahan's explanation as to why he possessed the firearm. His explanation, if credited by a jury, would serve as a defense. Under the circumstances, his explanation calls into question the voluntariness of his plea, and the Court will permit him to withdraw it.

Federal Rule of Criminal Procedure 11(d)(2)(B) provides, in pertinent part, that a defendant may withdraw his plea of guilty after the court has accepted it but before the court imposes sentence if he "can show a fair and just reason for requesting the withdrawal." The

---

[1] See Rogers v. United States, 522 U.S. 252, 254-55 (1998) (citing Staples v. United States, 511 U.S. 600 (1994)); United States v. Jackson, 124 F.3d 607, 610 (4th Cir. 1997); United States v. Tomlinson, 67 F.3d 508, 513-14 (4th Cir. 1995) (applying Staples to 18 U.S.C. 922(g)(1)). See also United States v. Frazier-El, 204 F.3d 553, 561 (4th Cir. 2000).

[2] See United States v. Walker, 1994 WL 620341 *1, *2 n.1 (4th Cir. Nov. 2, 1994) (citing United States v. Crew, 538 F.2d 575, 578 (4th Cir 1976); United States v. Koonce, 991 F.2d 693, 698 (11th Cir. 1993)) (noting that a BB gun is not an explosive weapon and, as such, is generally not considered a firearm).

2

Court of Appeals has listed six factors courts have considered in determining whether a defendant has met his burden under Rule 32(d), including the voluntariness of the plea. See United States v. Moore, 931 F.2d 245, 248 (4th Cir. 1991). But ultimately, the decision to permit a defendant to withdraw a guilty plea is discretionary. See United States v. Lambey, 974 F.2d 1389 (4th Cir. 1992) (en banc).

Although the court's Rule 11 colloquy adequately established that Tahan knew he possessed the weapon and that the weapon was a firearm, it did not establish that he knew it was a firearm at the time he possessed it. Ordinarily, context fully supplies all the proof necessary to establish this element, and a defendant's motion to withdraw his plea on this ground will rarely succeed. Here, however, a credible theory that provides a broader context discloses a "fair and just" reason to withdraw the plea, rather than one that is simply contrived. Tahan claims he believed the firearm was a BB gun and therefore has an explanation that provides him with a defense, a defense he implicitly contends that he did not believe he had available at the time he entered his plea of guilty. Although a convicted felon's ignorance that he could not possess a firearm is not a defense, a mistaken belief that the weapon he possessed was actually a BB gun - that is, that it was designed to expel a projectile through the action of compressed air rather than the action of an explosive - is a defense. Though this might be a tough sell in light of the fact that Tahan possessed .22 caliber ammunition as well the .22 caliber rifle, he is entitled to try.[3]

---

[3] Counsel who represented Tahan during his guilty plea has a history of diligence, and the court's decision in this matter in no way reflects adversely upon his competence.

## III.

For the above-stated reasons, the court sets aside Tahan's guilty plea, and will schedule the case for trial in accordance with the Speedy Trial Act. See 18 U.S.C. § 3161(i) ("defendant shall be deemed indicted . . . on the day the order permitting withdrawal of the plea becomes final").

It is so **ORDERED**.

**Enter:** This 24th day of November 2009.

UNITED STATES DISTRICT JUDGE